IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 05-cv-00351-WYD-MEH

DONNELL E. MONROE,

    Plaintiff,

v.

ADAM M. MYERS, JR., M.D.,

    Defendant.

---

**ORDER AFFIRMING AND ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE FOR DISMISSAL OF ACTION**

---

I.    INTRODUCTION

This matter is before the Court on Defendant's Motion for Summary Judgment [docket # 48], which was filed on February 15, 2006. The matter was referred to Magistrate Judge Hegarty for a recommendation by Order of Reference dated June 6, 2005. Magistrate Judge Hegarty issued a Recommendation on July 17, 2006, which is incorporated herein by reference. *See* 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), D.C.COLO.LCivR. 72.1. Magistrate Judge Hegarty recommends therein that "Defendant's Motion for Summary Judgment . . . be granted and that the action be dismissed, with prejudice, in its entirety." Recommendation at 17.

Magistrate Judge Hegarty advised the parties that they had ten (10) days to serve and file written, specific objections to the Recommendation. *Id.* at 2. On July 24, 2006, Plaintiff filed a timely Objection which necessitates a *de novo* determination as to

those specified proposed findings or recommendations to which objection is made since the nature of the matter is dispositive. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1). Defendant filed a response to the objections on August 3, 2006.

II.     BACKGROUND

Plaintiff's Complaint, filed on February 25, 2005, alleges that Defendant violated his Constitutional rights. Specifically, Plaintiff claims his rights established by 42 U.S.C. §1983 were violated when Defendant was deliberately indifferent to Plaintiff's serious medical needs while incarcerated, causing him to suffer both physically and mentally. Plaintiff alleges that Defendant discontinued his Coumadin, a blood thinning medication which Plaintiff alleges he was ordered to take for life. As a result of not receiving this medication, Plaintiff alleges that he developed blood clots and varicose veins, suffered from pain in his chest and left arm, had difficulty breathing, and lived in constant fear of a heart attack or stroke. Plaintiff asserts that Defendant's actions violated his Eighth Amendment right to adequate medical care and recovery.

III.    RECOMMENDATION

As stated earlier, Magistrate Judge Hegarty recommends that Defendant's Motion for Summary Judgment be granted and the case dismissed. Recommendation at 17. In his Recommendation, Magistrate Judge Hegarty made the following findings.

He first found that when a prisoner claims a government official showed deliberate indifference to his serious medical needs, the courts apply a two part test. The two part test consists of an objective component, and a subjective component. *Id.* at 5. Magistrate Judge Hegarty stated that "In order to meet the objective component of

a deliberate indifference claim, a prisoner must first produce objective evidence that the deprivation at issue was in fact 'sufficiently serious.'" *Id.* at 6 (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). A medical need is sufficiently serious when it has been diagnosed by a physician as needing treatment, or when it is so obvious that a layperson could easily recognize a doctor's attention is needed. *Id.* (citing *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005)).

Magistrate Judge Hegarty found that Plaintiff did not show that he was diagnosed by a physician, nor did he show that his condition was so obvious that a layperson could recognize a doctor's attention was needed. Before Defendant even became involved with Plaintiff's medical care, two other doctors expressed the opinion that Plaintiff should only have a limited period of anticoagulate therapy. *See Id.* at 7. One of these doctors even recommended Plaintiff's Coumadin be discontinued. *Id.* Further, the Recommendation finds that even though Plaintiff claims he was prescribed Coumadin for life, he does not support that claim with medical records, statements from doctors, or any other evidence. *Id.* at 8. Plaintiff's own statements regarding his medical condition were found to be not credible because Plaintiff "is a layperson with no apparent medical training." *Id.* at 9. Based on these findings, Magistrate Judge Hegarty recommends that, "with regard to the period relevant to the claim against the Defendant, the Plaintiff has not established that a medical need diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention existed, in order to satisfy the objective component of his deliberate indifference claim." *Id.* at 7-8.

Next, Magistrate Judge Hegarty addresses the subjective component of Plaintiff's claim. He stated that "A plaintiff may satisfy the second part of the test by showing that, subjectively, the official '[knew] of and disregard[ed] an excessive risk to inmate health or safety.'" *Id.* at 5 (quoting *Farmer*, 511 U.S. at 837). He further noted that "[t]he Court of Appeals for the Tenth Circuit has recently opined: '[s]o long as a medical professional provides a level of care consistent with the symptoms presented by the inmate, absent evidence of actual knowledge or recklessness, the requisite state of mind cannot be met.'" *Id.* at 10 (quoting *Self v. Crum*, 439 F.3d 1227, 1233 (10th Cir. 2006)).

Magistrate Judge Hegarty found that Plaintiff failed to meet the subjective component because he did not show that Defendant knew of, and disregarded, the risk to his health. First, Plaintiff did not produce enough evidence to show that Defendant discontinued his Coumadin. *Id.* at 12. The only evidence which possibly supports Plaintiff's allegation that Defendant discontinued his Coumadin is a handwritten note on an authorization form indicating "per Dr. Myers 8/21/02 no need for treatment or f/u hematology." *Id.* "However, the Recommendation found that there is no evidence that note is from the Defendant, and the record demonstrates that it simply reflects that the follow up ATIII results that the Defendant had recommended turned out to be "'within normal limits' and so no follow-up treatment was necessary." *Id.*

Second, even if Defendant did discontinue Plaintiff's Coumadin, Magistrate Judge Hegarty found that Plaintiff did not provide any medical evidence showing "that the Defendant was aware of an excessive risk to Plaintiff's health at the time relevant to

the claim he has made against the Defendant." *Id.* at 10. Further, even if Defendant knew of the risk, the Recommendation found that Defendant cannot be held liable if he responded reasonably. *Id.* Thus, Magistrate Judge Hegarty stated that Plaintiff "fail[ed] to demonstrate a sufficient disagreement regarding the reasonableness of the measures taken by the Defendant to require submission of the issue to a fact finder for resolution." *Id.* at 11.

Third, the Recommendation found that Plaintiff did not allege a causal connection between the discontinuation of the Coumadin and Plaintiff's health problems. *Id.* at 13. "The causal connection between the removal of the Coumadin and the health conditions alleged by the Plaintiff is not so obvious that a lay person would be able, without verifying medical evidence or expert opinion, to draw the conclusion the Plaintiff indicates." *Id.* Plaintiff did not produce a medical expert to state the opinion that the removal from Coumadin caused Plaintiff's health problems. *Id.* at 13-14. In Colorado, a party bringing a claim of negligence against a medical professional must obtain a certificate of review from another professional in the same field which shows the claim is substantially justified. *Id.* at 14. Because the standard in a medical indifference case is a higher standard than negligence, the Recommendation found that Plaintiff should have submitted the opinion of an expert, and failing to do so should be fatal to Plaintiff's case. *Id.*

Finally, Magistrate Judge Hegarty found that Plaintiff failed to show that Defendant could be liable as a supervisor. "A supervisor may not be held liable in a civil rights action merely because of his or her supervisory position." *Id.* at 11 (citing

*Pembaur v. Cincinnati*, 475 U.S. 469, 479 (1986)).  A supervisor may be liable if "the plaintiff alleges and proves that there is an 'affirmative link' between the supervisor's action or failure to act and the alleged constitutional violation."  *Id.* at 11-12 (citing *McClelland v. Facteau*, 610 F.2d 693, 696 (10th Cir. 1979)).  The Recommendation found that Plaintiff's claim that Defendant is liable as a supervisor must fail because Plaintiff did not allege any facts that would "demonstrate a connection between the Defendant and the alleged constitutional violation he claims."  *Id.* at 12.

Based on the above findings, Magistrate Judge Hegarty recommends that Defendant's Motion for Summary Judgment be granted, and this case be dismissed with prejudice.

IV.     PLAINTIFF'S OBJECTIONS

On July 24, 2006, Plaintiff filed a timely objection.  As a preliminary matter, I point out that it was difficult to determine what Plaintiff's objections to Magistrate Judge Hegarty's Recommendation were.  Plaintiff's only new objection to the Recommendation is a general objection in which he asks the court to deny summary judgment.  The remainder of Plaintiff's objection consists of Plaintiff reiterating the facts and arguments from his Response.  This is not sufficient to constitute a viable objection.  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court."  *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Despite the general nature of Plaintiff's objections, I will address them to the extent to which I can ascertain what is being objected to.

6

First, Plaintiff objects to the Recommendation because it states Dr. Adam Myers (Defendant) placed Plaintiff back on his Coumadin.  *See* Recommendation at 7. According to Plaintiff, the record shows Dr. Kevin Brown placed Plaintiff back on Coumadin.  This is also the subject of Defendant's Motion for Clarification.  Both parties are in agreement on this matter, and I will grant Defendant's Motion for Clarification on this issue.  However, I note that this fact is not a basis for the recommendation to deny Defendant's Motion for Summary Judgment, and does not impact the substance of Magistrate Judge Hegarty's Recommendation.

Next, Plaintiff objects to the Recommendation's finding that Dr. Hanley treated Plaintiff and recommended Plaintiff no longer take Coumadin.  I find that the evidence presented by Defendant shows Plaintiff was treated by Dr. Hanley, and Plaintiff has not presented any evidence to the contrary.  "[W]hen a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986)(quoting Fed. R. Civ. P. 56(e)).  A "party may not rest on the mere allegations or denial of an adverse party's pleading." Fed. R. Civ. P. 56(e). Accordingly, I find that Plaintiff cannot avoid summary judgment by merely reiterating previous allegations without supporting them with evidence.

Plaintiff makes several other conclusory objections including an allegation that "Dr. Myers and Denver Health were under a contract with The Colorado Department of Correction.  The defendant therfor [sic] was able to have access to . . . medical records . . . [and] [t]hat fact alone establish's [sic] his personal participation in the case." Pl.'s

7

Resp. to Def.'s Mot. for Dismissal of Action and My Objections, ¶12.)  Plaintiff does not offer any evidence to support this allegation, and I agree with Magistrate Judge Hegarty that summary judgment is proper on these issues.  Plaintiff also argues that Dr. Myers should be held liable as a supervisor.  Again, Plaintiff has not presented any evidence that supports these allegations or that rebuts Defendant's evidence which rebuts these allegations.  Magistrate Judge Hegarty's Recommendation on this issue is well reasoned and is adopted.  Accordingly, these objections are overruled.

Finally, Plaintiff makes several objections which require support from a medical expert.  Plaintiff argues that a person with a medical history such as his own should be on an anticoagulant for life.  Id. ¶ 5.  Further, Plaintiff alleges Dr. Warren placed him on an anticoagulant for life.  *Id.*  Plaintiff states that Dr. Kevin Brown told him that the type of blood disorder Plaintiff had was similar to cancer in that it could go into remission.  *Id.* ¶ 6.  Lastly, Plaintiff states that because Defendant was the Head of Hematology at Denver General, he should have known that this blood disorder could go into remission.  *Id.* ¶ 7.  I agree with Magistrate Judge Hegarty that, as a layperson, Plaintiff is not qualified to make statements, such as these.  These allegations require medical evidence which Plaintiff has not provided.  Accordingly, I agree with Magistrate Judge Hegarty's finding that Plaintiff failed to "meet the test that is required to demonstrate the existence of deliberate indifference on the part of Defendant."  Recommendation at 14.  To the extent Plaintiff asserts other objections, I find no merit to them.

Accordingly, the Recommendation of Magistrate Judge Hegarty is affirmed and adopted.  Summary judgment shall be granted in favor of Defendant.

IV.     CONCLUSION

For the reasons stated above, it is

ORDERED that the Recommendation of United States Magistrate Judge Hegarty dated July 17, 2006 is **AFFIRMED AND ADOPTED**.  In accordance therewith, it is

ORDERED that the Defendant's Motion for Summary Judgment is **GRANTED** and this action is **DISMISSED WITH PREJUDICE**.  It is

FURTHER ORDERED that Defendant's Motion for Clarification Regarding Magistrate Judge Hegarty's Recommendation for Dismissal of Action is also **GRANTED**.

Dated:  August 15, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge