IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 05-cv-00351-WYD-MEH

DONNELL E. MONROE,

    Plaintiff,

v.

ADAM M. MYERS, JR., M.D.,

    Defendant.

_____

**ORDER**
_____

    THIS MATTER is before the Court on Plaintiff's "Request for Reconsideration of Judgement" filed August 28, 2006.  The motion seeks reconsideration of the Order Affirming and Adopting Recommendation of United States Magistrate Judge for Dismissal of Action filed August 15, 2006.  Pursuant to that Order, I adopted Magistrate Judge Hegarty's recommendation that Defendant's Motion for Summary Judgment be granted and the action be dismissed, with prejudice, in its entirety.  Judgment was entered in favor of Defendant on August 16, 2006.

    In his motion, Plaintiff attaches additional "expert documentation" concerning Plaintiff's medical needs, consisting of medical articles.  Further, he attaches evidence that Dr. Kevin Brown, an expert in hematology, believed that Plaintiff had more than one episode of pulmonary thrombosis.  Plaintiff asserts that Defendant thought that

there had only been one such episode. This evidence does not provide a basis for me to grant Plaintiff's motion, for the reasons stated below.

I first note that "'[t]he Federal Rules of Civil Procedure recognize no motion for reconsideration.'" *Hawkins v. Evans*, 64 F.3d 543, 546 (10th Cir. 1995) (quotation and internal quotation marks omitted). Instead, if the motion is filed within ten days of the court's entry of judgment, as here, the motion is treated as a motion to alter or amend the judgment under FED. R. CIV. P. 59(e). *Id.* (quotation omitted).

There are three major grounds that justify reconsideration under Rule 59(e)(1): an intervening change in the controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* It is not appropriate to advance new arguments or supporting facts which were available at the time of the original motion. *Id.*; *see also Mantle Ranches, Inc. v. United States Park Service*, 950 F. Supp. 299, 300 (D. Colo. 1997) ("'a motion for reconsideration is not a license for a losing party . . . to get a second bite at the apple'") (quotation and internal quotation mark omitted). A motion for reconsideration "is an extreme remedy to be granted in rare circumstances." *Brumark Corp. Corp. v. Samson Resources Corp.*, 57 F.3d 941, 944 (10th Cir. 2995).

In the case at hand, I find that Plaintiff's motion for reconsideration must be denied. He does not show that I misapprehended the facts, his position, or the controlling law. Further, Plaintiff improperly relies on facts and arguments that could

have been made before.  Finally, even if I were to consider the evidence Plaintiff attaches to his motion on its merits, it does not provide a basis for me to reconsider the Order dismissing the case.  As Defendant notes in response to Plaintiff's motion, the evidence does not establish that Plaintiff suffered from an obvious risk of harm that Defendant deliberately chose to ignore.  Further, Plaintiff has again failed to offer support from a medical expert for his contention that the discontinuation of Coumadin caused his current medical condition. The citation to medical articles is not sufficient to meet Plaintiff's burden on that issue.  Finally, the new evidence also does not show that Defendant was even the physician that discontinued his medication.

Based upon the foregoing, it is

ORDERED that Plaintiff's "Request for Reconsideration of Judgement" (filed August 28, 2006) is **DENIED**.

Dated:  September 19, 2006

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge